In December, 1804,
Bkevard, J.
delivered the unanimous opinion of the judge» who heard the argument, as follows :
The principal question submitted to the court, by the special verdict in this case, is, whether the plaintiffs, under the policy of insu* ranee, and all the circumstances of the case, had a right to abandon. The clause in the policy, upon the construction of which the right to abandon is denied, is expressed in these words: “ It is further agreed, that no abandonment of the neutral property, hereby insured, shall take place, in case of capture or detention by the British, until it be condemned, and the proceedings of the court, and sentence of condemnation, produced to substantiate the loss : and in case of capture, or detention, by any other power, the like documents shall be produced, unless satisfactory reasons can be given, that they cannot be obtained.” The verdict does not state whether the capture and detention was by the British, or some other power : but it is understood, however, that it toas noi by the British. The opin. ion of the court is, that the true sense of the clause may be thus rendered : That no abandonment of the property insured shall take place, in case of capture or detention by the British, until after con. demnation ; and not until the proceedings of the court, in which the condemnation shall be obtained, have been produced to the insurers, to satisfy them that the property has been condemned in due form : nor in case of capture or detention by any ot bet-1 power, until the like documents have been produced, unless it should appear that they cannot bo obtained. This seems to be the most natural, and reasonable construction, the words can receive. The whole elause should be taken aud construed together. The intent seems to have been, to qualify and abridge tne general right of abandonment. The first part of the clause, concerns captures and detentions by the British: the latter part, concerns captures and detentions by other powers. The laber part cannot be understood, ■without having reference to the former. For what purpose should the proceedings of court, and sentence of condemnation, be pro» *447 duced, but to evince the right to abandon 1 And when, but at the time the offer to abandon is aide ? There might have been reasons for the distinction made between the British and other powers. The difficulty of procuring the judicial proceedings of the British courts, might not have been so great, as those of 'he tribunals of other powers, from whom capture and detention might have been apprehended. But if the general : >ght to abandon should be granted in this c«se, as unfettered by tins clause in the policy, still I should be of opinion, that the plaintiffs were not entitled to abandon. The verdict does not state at what time the offer to abandon was made, but only, “ that the plaintiff., upon the first info mation of the capture and detention, offered to abandon.” L does not appear at what time this first information was received ; nor w hi ther the plaintiffs did not, at the same time, receive intelligence that the vessel was released, and had proceeded on her voyage: and perhaps, that she had arrived in safi-ry at the port of destination. If such intelligence was received, before the offer to abandon »-is made, and as nothing appears to the contrary, we may conclude that this was the case, t,e plaintiffs bad no right to abundo.,, because the loss did not then appear to be total. Park, 145, 146, 2 Bur. 1214. 1 T R. 191. Evans, 37.
It has been insisted, however, that as the insuiaiice was upon the goods for the voyage, if it should appear that ei her the goo.,», the voyage, were los<, it may be treated as total, provided there a total loss at any period of the voyage : and that as the loss m thi» case was total at one period of the voyage, by reason of the capture ; and as the voyage was. in consequence thereof, so far defeated, that it was not worth pursuing, tliere/ore it may be treated as a total loss, notwithstanding the sunsequent release of the ship and cargo. But it does not appear that the voy gr- was so far defeated, by reason of any of the perils insured agui..st, as to have been not worth the further pursuit, at the time of the offer to abandon. It is not stated when ’he offer to abandon was made. For any tin. g that appears, ii might have been after the vessel had arrived sate in port: after the peril was over, and the gj./ds in safety. If so, and we may presume ihat this was the case, the plai niffs had i.o rg'u to abandon. 2 Bur. 1198. Park, 108. Besides, as the right u> abandon on this ground, depends on the nature and extent of the dam -.fication, and as it does not appear m this case that the da, ng -nslained was, in its nature and extent, sufficient to justny tin piamntis m abandoning m the underwriters, as in case of a total loss, 1 am of opinion they could not do it,
*448 The next question submitted by the special verdict, is, whethef the extraordinary duties laid on the cargo, or goods insured, while detained at Algesiras, should be considered as embraced by the terms of the policy, and chargeable against the underwriters. p0j¿Cy subjects the underwriter to responsibility on account of all the usual perils, comprehending “ all unavoidable perils, losses and misfortunes, to the damage of the goods.” The peace duty did not affect the goods. It does not appear that they sustained any damage by the event complained of. Tb'-y were subjected to a charge, or duty ; but this was a political event not insured against. The underwriters are bound to know every cause which may occasion natural perils, and also all political dangers. Park, 105. The peace duty cannot be considered as one of the perils insured against.
The court are, therefore, unanimously of opinion, that the plaintiffs should have jn.'gment for a rateable proportion of the sum of $1152, without interest. The delay ol payment was occasioned by the plaintiffs’ requiring more than was legally due to them ; the defendants were not in default, and oughi not to pay interest.
Judgment accordingly, for the plaintiffs.
Present, Grimke, Waties, 'f rbzevant, and Brevard, Justices,